Benjamin Drew v. Commissioner.
Drew v. Commissioner
Docket No. 1004-67.
United States Tax Court
T.C. Memo 1968-251; 1968 Tax Ct. Memo LEXIS 51; 27 T.C.M. (CCH) 1332; T.C.M. (RIA) 68251; October 29, 1968, Filed Jack M. Marder, for the petitioner. Robert S. Gorin, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: Respondent determined a deficiency in petitioner's 1965 income tax in the amount of $263.99. The sole issue is whether petitioner is entitled to deductions for exemptions for his two children, Barbara and Joel, for the year 1965. Findings of Fact Some of the facts were stipulated and they are found accordingly. Petitioner was a resident of Syosset, *52 New York, at the time he filed his petition in this case. He filed his 1965 income tax return with the district director of internal revenue in Brcoklyn, New York. In this 1333 return he took deduction for his two children named Barbara and Joel as his dependents. Prior to 1962 petitioner was married, and he and his wife named Shirley, had three children: Joel and Barbara who were 14 and 18 years of age, respectively, in 1965, and Judith who became 21 years of age in July of 1965. In 1965 Shirley was the wife of Jerald Finn and she and her children and husband lived together in a house she owned in Syosset. It is stipulated that at the time petitioner and Shirley were divorced, there was incorporated into the decree (which was a Mexican divorce decree) a legal separation agreement whereby petitioner agreed that he would pay $16.65 [1] per week for each of his three children until such time as they attained maturity, were married, or became self supporting. Shirley Finn expended the following amounts in support of Barbara and Joel in 1965: Barbara
Joel
Food ($13 each per week)
$ 676
$ 676
Room $9per week - Barbara, $18 per week - Joel
468
936
Clothes
400
400
School Expenses
100
75
Medical
250
150
Pool
10
10
Birthdays
100
100
Christmas
150
150
Pocket Money
150
150
Auto and Vacation 250
250
$2,554
$2,897
*53 Petitioner gave checks totalling $1,841.16 to Shirley in 1965 for the support of Barbara and Joel. He spent an additional sum of $150 cash for the support of both children. Most of the checks that he gave to Shirley were in the sum of $33.33 or approximately twice the sum that he was obligated to pay for the support of each child. A few of the checks were for slightly larger sums, the excess being for reimbursement to Shirley for medical payments which she had made. The total sum expended for the support of Barbara in 1965 was $2,629 ($2,554 plus $75 cash) and the total sum expended for the support of Joel in 1965 was $2,972 ($2,897 plus $75 cash). Petitioner's contribution to the support of Barbara and Joel in 1965 was not more than $1,991.16. Respondent disallowed the dependency deductions for the children. Opinion Petitioner had the burden of proving that his two children, Barbara and Joel, were his dependents within the meaning of section 151(e). [2] Section 152(a) defines the term "dependent" as applied here to mean a son or daughter of the taxpayer "over half of whose support, * * * was received from the taxpayer * * *." Thus, the burden is on the petitioner to show *54 not only the amount he contributed toward their support but he must also in some way show that it exceeded one half of their total support. . Respondent argues that the payments made by petitioner pursuant to the separation agreement should be allocated among all three children for one-half of the year. He points out that Judith did not reach the age of 21 until July of 1965, and Shirley testified that she used the support money for all three children. We disagree. Petitioner considered Judith self-supporting in 1962 and stopped making payments for her at that time. Shirley knew that petitioner was not paying for the support of Judith and she knew that the money he sent to her in 1965 was only for the support of Barbara and Joel. Whether petitioner was correct or not in his contention that he had no obligation to support Judith in 1965 is immaterial. The fact is that he was not rendering support payments for Judith in 1965. Shirley testified that she tried to force petitioner to make support payments for Judith in family court in 1964 but eventually failed and *55 she said thereafter "I assumed Judith as my full responsibility." Petitioner was entitled to have all of the money he paid to Shirley in 1965 credited to the support of Barbara and Joel. This means petitioner furnished a total of $1,991.61 ($1,841.16 in checks plus $150 in cash) for the support of Barbara and Joel in the year 1965. The only evidence of the total expenditure for the support of Barbara and Joel in 1965 is respondent's evidence consisting of the testimony of Shirley and her husband. We have set forth the schedule of support expenditures testified to by Shirley. It totals $5,451. She did not have bills, receipts, or canceled checks to support the items in the schedule. The schedule contains estimates and some allocations. She explained and defended the larger items in the schedule fairly well on 1334 cross-examination. We cannot say the items in the schedule appear to be unreasonable. There was some evidence that Shirley and her husband had as much as $10,000 income in 1965 in excess of the support payments received from petitioner. At any rate, we have given petitioner credit for all of the support payments he said he made or slightly less than $2,000. Petitioner *56 introduced no evidence of the total cost of the support for the children. One could discount the total cost of support calculated by Shirley, or $5,451, by more than a thousand dollars and petitioner's contribution would still be less than half of the total cost of the support for Barbara and Joel. On the entire record we hold petitioner has failed to prove he provided over half of the total support of the two children he claimed as dependents during the year in question. Decision will be entered for the respondent. Footnotes
1. At various places in the record this figure appears as $16.66 and $16.67.↩
2. All section references are to the Internal Revenue Code of 1954.↩